*282 SHEPHERD, C.J.,
concurring specially.
I concur in the decision of the majority to reverse the trial court order dismissing the case for failure to join indispensable parties and under the doctrine of forum non conveniens. I write only to clarify my reasons for reversing on the latter ground.
This case can easily be disposed of by reference to the private and public interest prongs of the forum non conveniens inquiry. With Cortez v. Palace Resorts, Inc., 128 So.3d 1085, 1093 (Fla.2013), we are now required to “always consider” the public interest prong of the inquiry, “even if the private factors weigh more heavily in favor of the alternative forum.” Both of these prongs must now tip in favor of the alternative forum in order to deflect a presumption favoring the plaintiffs forum choice. Id. Finally, we are told to give the same strong presumption of forum choice to plaintiffs who are citizens of a state of the United States other than our own.[3] Id. at 1095-96. “This presumption ‘can be defeated only if the relative disadvantages to the defendant’s private interests are of sufficient weight to overcome the presumption.’” Id. at 1092 (citing Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86, 91 (Fla.1996)) (emphasis in original).
As to the private interest factors, the defendants’ argument that the “relative disadvantages” to them “are of sufficient weight to overcome the plaintiffs’ choice of forum” does not pass the proverbial straight face test. The defendants, who live in Florida, are the alleged architects of the fraud. Their testimony alone should be sufficient to acquit themselves of the alleged fraud, if a defense there be. Additionally, it would seem that multiple other material witnesses reside in this state, including some additional former officers and directors of Banco Federal who may have knowledge of the dispute.
On the other hand, the public interest prong of the forum non conveniens doctrine does tip in favor of dismissal. The legal requirement in this regard is that the case have some “‘general nexus with the forum sufficient to justify the forum’s commitment of time and resources to it.’ ” Id. (citing Kinney, 674 So.2d at 92). The only connection this state has to the claims asserted by Publicidad Verpaco and La Tele Television is that the alleged defrauders, Mezerhane and Trujillo, reside here. However, they reside here as a matter of grace, growing out of political upheaval in them own country. The courts of this state have no obligation, legal or otherwise, to supplement the federal munificence being received by them.
Curagao, at a minimum, is an “adequate alternate forum” for the litigation of this dispute. See Fla. R. Civ. P. 1.061(a)(1); Cortez, 123 So.3d at 1091-92. “An alternate forum is ‘available’ when that forum can assert jurisdiction over the litigation sought to be transferred.” Cortez, 123 So.3d at 1091-92. The Florida Supreme Court stated in Kinney that “Ordinarily, this requirement will be satisfied when the defendant is ‘amenable to process’ in the other jurisdiction,” Kinney, 674 So.2d at 90 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506-507, 67 S.Ct. 839, 91 L.Ed. 1055 (1946)), and the “alternative forum offers at least some relief.” Cortez, 123 *283 So.3d at 1092 (citing Leon. v. Millon Air, Inc., 251 F.3d 1305, 1311 (11th Cir.2001)). In this case the defendants have agreed to accept service of process for any action filed against them in Curagao. Furthermore, Publicidad Vepaco and La Tele Television have demonstrated by the fact they previously have filed two actions in Cura-gao, the most recently dismissed action being nearly identical to the one filed here, that Curagao is an adequate alternative forum.[4]
Nevertheless, and despite the fact that every incident of -wrongful conduct in this case occurred away from, our shores, the natural workings of our forum non conve-niens law as it now exists requires us to order the trial court to devote its limited resources and,, perhaps even a panel of jurors, requisitioned from the citizenry of Miami-Dade County to resolve this dispute.
For these reasons, I concur specially in the decision of the majority.

. The majority suggests, that even a foreign plaintiff's choice of a Florida forum might be entitled to “some deference”. See Maj. Op. at p. 278 (emphasis in original). I cannot join such speculation. In fact, if required, I would draw a contrary conclusion. See Cortez, 123 So.3d at 1096 (stating “except where the plaintiff is from another country, the presumption in favor of the plaintiff's initial choice of forum is always entitled to great deference”). As the majority admits, the issue was not before the court.

. The majority confuses the "adequacy” element of this prong with "subject matter jurisdiction” as we know it in the courts of the United States. See Maj. Op. at 276-78. The majority cites Kinney, 674 So.2d at 90 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)), for this purpose. Maj. Op. at 276-77. Reyno confirms that the language “litigation of the subject matter of the dispute,” upon which Kinney and hence the majority reposes its reliance, refers only to remedies and not jurisdiction. Relying further on Rey-no, Kinney concludes that "alternative fora are inadequate under the [forum non conve-niens] doctrine only if the remedy available there clearly amounts to no remedy at all.” Kinney, 674 So.2d at 90-91 (emphasis added). Cortez cites to the same passage from Reyno through Kinney. Accordingly, Cortez cannot be read to make any change in the analytical benchmarks of the "adequate alternative forum” prong of the forum non conveniens inquiry. The majority’s suggestion that it somehow impedes the recognition of Curagao as an "adequate alternative forum” for this litigation is misplaced.